# **EXHIBIT 3**



STATE OF MICHIGAN
DEPARTMENT OF HEALTH AND HUMAN SERVICES
LANSING

GRETCHEN WHITMER
GOVERNOR

ROBERT GORDON
DIRECTOR

September 23, 2019

Mark P. Fancher, Esq.
2966 Woodward Avenue
Detroit, MI 48201

Re:   Request for Declaratory Ruling

Dear Mr. Fancher:

On July 29, 2019, the Michigan Department of Health and Human Services received your request for a declaratory ruling under the Michigan Administrative Procedures Act, MCL 24.263. Specifically, you have requested a declaratory ruling in response to the following questions as posed in your request:

- Whether mass water shutoffs are an "imminent danger" as defined in MCL 333.2251 requiring the health director take "immediate action" to suspend the shutoffs.

- Whether the spread of water-borne illness constitutes an "epidemic" as defined by MCL 333.2253 that requires the health director to suspend water shutoffs in order to "[i]nsure continuation of essential public health services" as defined by statute.

Michigan Administrative Code Rule 325.1211 governs requests for declaratory rulings. It gives the Agency full discretion to determine whether it will issue a declaratory ruling within 60 days of the receipt of a request. Specifically, Rule 325.1211(8) provides:

> (8) The agency may deny a request for declaratory ruling if the applicant fails to follow the procedure for submission in this rule, if the statement of facts is incomplete or inaccurate, if the facts or circumstances relate to a changing situation, if the ruling would not be in the public interest or in furtherance of statutory objectives, or for any other stated reason. The agency shall set forth the reason or reasons for denial of the request in its written notification to the applicant.

Mark P. Fancher, Esq.
September 23, 2019
Page 2

The Department denies your Request for Declaratory Ruling for the following reasons:

1. "Imminent danger" as defined by MCL 333.2251(5)(b) means "a condition or practice exists that could reasonably be expected to cause death, disease, or serious physical harm immediately or before the imminence of the danger can be eliminated through enforcement procedures otherwise provided." While the department believes that access to clean water is a priority for everyone in Michigan, and there are significant challenges faced by residents whose water has been shut off, these challenges do not rise to the level of an imminent danger under the Public Health Code. We have worked with the Detroit Health Department and have also evaluated state data. We have not identified data that suggest a causal association between water shutoffs and water-borne disease. We suggest that municipalities work diligently to prevent any water shutoffs from occurring, and that every effort be made by local authorities to make resources available to residents in the event they are at risk of having an interruption in water services due to inability to pay.

2. The applicants may seek, via counsel, legal remedies other than requesting a declaratory ruling from the Department of Health and Human Services.

3. MCL 333.2253 provides that "if the director of the department determines that control of an epidemic is necessary to protect the public health, the director by emergency order may prohibit the gathering of people for any purpose and may establish procedures to be followed during the epidemic to insure continuation of essential public health services and enforcement of health laws." As noted above, there is insufficient data to show that water-borne diseases are specifically caused by water shutoffs, how the purported water-borne diseases caused by water shutoffs are an epidemic, or how a declaratory or emergency ruling by the department would control illness.

Sincerely,

*Robert G.*

Robert Gordon
Director

RG:llr