# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Jacqueline Taylor, et al., | Case No. 2:20-cv-11860 |
| Plaintiffs, | Hon. Denise Page Hood |
| | Mag. Anthony P. Patti |
| v. | |
| City of Detroit, et al., | |
| Defendants. | |

### DEFENDANTS THE CITY OF DETROIT, MAYOR MICHAEL DUGGAN, AND GARY BROWN'S REPLY TO PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF

**I.   Issue presented**

On December 8, 2020, the City extended its moratorium on residential water shutoffs through 2022, and stated its intent to put a stop to them permanently. In light of this significant development, should the Court grant the City leave to file a supplemental brief in support of its motion to dismiss?

Plaintiffs answer "no."
The City answer "yes."

1

## II. Most appropriate authority

*Clapper v. Amnesty Int'l USA,*
   568 U.S. 398 (2013) ................................................................................ 2
*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,*
   528 U.S. 167 (2000) ................................................................................ 5
*Lujan v. Defenders of Wildlife,*
   504 U.S. 555 (1992) ........................................................................... 4, 5

## III. Argument

### A. In light of the December 8 announcement, plaintiffs lack standing to pursue declaratory and injunctive relief.

In order to have standing to sue for declaratory or injunctive relief, plaintiffs must demonstrate either an ongoing harm or a substantial likelihood that the harm will occur—in other words, that there is a "real and immediate threat." *Kanuszewski v. Michigan Dep't of Health & Human Servs.*, 927 F.3d 396, 406 (6th Cir. 2019), quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 106 (1983).[1] Plaintiffs cannot demonstrate either.

---

[1] Plaintiffs quibble over the correct terminology. But whether labelled as "imminence," "substantial risk," or some other term, the thrust of the caselaw is clear: the threat of future harm must be real and impending. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013); *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 865 (6th Cir. 2020). Plaintiffs cannot rely on the mere possibility of future harm. *Saginaw Cty., Michigan v. STAT Emergency Med.* Servs., Inc., 946 F.3d 951, 954–55 (6th Cir. 2020).

To start, plaintiffs do not allege an ongoing harm. They are suing to stop the City from disconnecting their water service for the failure to pay arrearages. (PageID.531). As a result, any ongoing harm must emanate from a lack of water. Yet plaintiffs admit that they have had water service since the start of this litigation, (PageID.58–75), and continue to do so. (PageID.545). So they cannot contend that a lack of water continues to injure them.

Plaintiffs' arguments to the contrary are unpersuasive. First, they claim that although they have water, other families in Detroit are still without. (PageID.543–44). But plaintiffs cannot rely on injuries to nonparties to justify personal standing, even in a putative class action. *Rosen v. Tennessee Com'r of Fin. & Admin.*, 288 F.3d 918, 928 (6th Cir. 2002). Second, plaintiffs argue that they are suffering an ongoing financial harm because the City has failed to implement a meaningful water affordability program. (PageID.544). Yet this argument is misleading. The question is whether the City has violated plaintiffs' rights by disconnecting their water when the cost of service outstripped

their means to pay. The failure to implement a water affordability plan, standing alone, does not lead to an actionable injury.

Similarly, plaintiffs cannot demonstrate a substantial likelihood of harm. They acknowledge that the City has had a moratorium on residential water shutoffs in place since the outset of this litigation. (PageID.30). They argue that they will lose water as soon as the City resumes shutoffs because they are low-income residents. (PageID.545–46). As such, to constitute a substantial likelihood of harm, there had to be a real threat that the resumption of shutoffs was impending at the time they filed the complaint. *Lyons*, 461 U.S. at 107 n.8 ("It is the reality of the threat of repeated injury that is relevant to the standing inquiry, not the plaintiff's subjective apprehensions."); *Sullivan v. Benningfield*, 920 F.3d 401, 410 (2019) (noting that standing is determined at the time the complaint is filed).

At the motion to dismiss stage, where plaintiffs need only plead facts consistent with this theory, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), their allegations may have sufficed, absent evidence to the contrary. But the December 8 announcement casts doubt on the plausibility of their theory, as it shows that there was never a real

threat.² More to the point, at the summary judgement stage, plaintiffs will not be able to set forth "specific facts" to demonstrate standing for the same reason. *Id.* As such, even if the Court were to find plaintiffs' theory plausible, sooner or later it will have to reexamine that conclusion. See *Wyoming v. Oklahoma*, 502 U.S. 437, 446 (1992). The Court should therefore dismiss plaintiffs' claims for declaratory and injunctive relief now, and focus on their remaining claims for damages. ³

Plaintiffs lastly argue that the December 8 announcement really goes to mootness, not standing. This works for them, because, as plaintiffs point out, it can be difficult to moot litigation. See *Friends of*

---

² Plaintiffs' repeated allegation that the City will resume shutoffs is based on a single, ambiguous statement by Defendant Mayor Michael Duggan: "[w]e don't want to be in a situation when the pandemic is over, that people weren't able to keep up on their payments, and now we have to start another round of water shutoffs . . . ." Sarah Cwiek, Detroit announces expanded testing plans, stimulus Money for struggling residents, MichgianRadio.org (Apr. 27, 2020), https://www.michiganradio.org/post/detroit-announces-expanded-testing-plans-stimulus-money-struggling-residents, cited on page 11 of plaintiffs' complaint. This could easily suggest that the City was looking for a longer term solution, such as that captured by its December 8 announcement. Plaintiffs acknowledge that Mayor Duggan also stated "no resident of the city of Detroit [should have] their water shut off . . . ." (PageID.30).

³ To the extent that plaintiffs' suggest that the City is challenging their standing to seek damages, (PageID.547–48), this is not so.

*the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). But the present motion has nothing to do with mootness. The City has not rescinded a policy after litigation has commenced in order to destroy a live controversy. See *Morrison v. Bd. of Educ. of Boyd Cty.*, 521 F.3d 602, 615 (6th Cir. 2008) (school's attempt to change policy following the onset of litigation did not render claim moot). Here, a moratorium on water shutoffs was already in place. (PageID.30). Therefore, the burden is on plaintiffs to demonstrate that there was an impending threat of further shutoffs at the time of filing. *Cleveland Branch, N.A.A.C.P. v. City of Parma, OH*, 263 F.3d 513, 524 (6th Cir. 2001).

### B. The Court should grant leave to consider whether plaintiffs lack standing to pursue declaratory and injunctive relief.

Plaintiffs contend that the Court should deny the City's motion because doing so will not prejudice the City. They arrive at this conclusion by reasoning that: (1) the City is seeking to file a supplemental brief to argue that plaintiffs lack standing in light of the December 8 announcement; (2) plaintiffs don't lack standing in light of the announcement; and, as a result, (3) the Court does not need to grant leave. (PageID.542–47).

6

However, plaintiffs' logic glosses over the underlying issue: the Court has an ongoing duty to review its subject-matter jurisdiction. *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). If plaintiffs lack standing to pursue certain forms of relief, the Court cannot grant it. *Parsons v. U.S. Dep't of Justice*, 801 F.3d 701, 710 (6th Cir. 2015) . A finding of prejudice (or the lack thereof) plays no role in that decision.[4]

## IV. Conclusion

For the reasons stated above, the City respectfully requests that the Court grant the City's motion for leave to file a supplemental brief.

Respectfully,

/s/ Hallam Stanton
City of Detroit Law Department
Attorney for defendant City of Detroit
Two Woodward Avenue
Detroit, Michigan 48226
(313) 237-5082
stantonh@detroitmi.gov
P82319

Dated: January 15, 2021

---

[4] Plaintiffs also argue that the Court should deny the City's motion because it failed to comply with Local Rule 7.1(a). (PageID.539–41). Undersigned counsel takes full responsibility for that oversight, and apologizes to the Court and plaintiffs.

## Certificate of Service

I hereby certify that on January 15, 2021, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system.

/s/ Hallam Stanton