UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELINE TAYLOR, LISA
BROOKS, MICHELLE COWAN,
TUANA HENRY, MATTIE
MCCORKLE, RENEE WILSON,
and PEOPLE'S WATER BOARD
COALITION, on behalf of
themselves and all others similarly
situated,

       Plaintiffs,

v.

CITY OF DETROIT, a Municipal
Corporation, though the Detroit
Water and Sewerage Department,
its Agent; GOVERNOR GRETCHEN
WHITMER, in her official capacity;
MAYOR MICHAEL DUGGAN, in
his official capacity; and GARY
BROWN, in his official capacity,

       Defendants.

No. 2:20-cv-11860

HON. DENISE PAGE HOOD

MAG. ANTHONY P. PATTI

**GOVERNOR WHITMER'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO SCHEDULE A STATUS
CONFERENCE**

Mark G. Sands (P67801)
Margaret A. Bettenhausen (P75046)
Assistant Attorneys General
Attorneys for Def. Governor Whitmer
Alcohol & Gambling Enforcement Div.
2860 Eyde Parkway
East Lansing, MI 48823

(517)241-0210

Dated: June 27, 2024

## CONCISE STATEMENT OF ISSUES PRESENTED

1.  Should Governor Whitmer be compelled to participate in a status conference where she has no authority of water rates or shutoff policy and no statutory authority to impose a permanent solution to water shutoffs in the City of Detroit and her motion to dismiss this case is pending?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:

Mich. Comp. Laws § 30.401 *et seq.*

*In re Certified Question from the United States District Court, Western District of Michigan, Southern Division*, 506 Mich 332 (2020).

L.R. 16(1)(b)

## INTRODUCTION

Governor Whitmer shares Plaintiffs' belief that all residents of the City of Detroit—and indeed the entire State—should have access to clean, affordable water. But as noted in her motion to dismiss, the Governor is not a proper party in this litigation because she cannot unilaterally give Plaintiffs the relief they seek. In their complaint, Plaintiffs seek to "permanently ban water shutoffs and institute a water affordability plan for Detroit residents[.]" Pls' Compl. ¶ 248, PageID.88. But the Governor cannot provide that relief. First, Governor Whitmer has no authority over either water rates in the City of Detroit or the City's shut-off policies. Second, there is no statutory authority that allows the Governor to impose a permanent solution regarding water rates and shutoff policies in the City of Detroit. Rather, any solution from the Governor would necessarily have to be approved by the nonparty Michigan Legislature. For instance, as noted in the City of Detroit's response in opposition, pending legislation would create a Low-Income Water Affordability Program to ensure that a customer who has a household income of up to 200% of the Federal Poverty Guidelines, or was eligible for certain assistance programs, will not pay

more than 3% of the customer's household income on a water bill.  See

R. 65, Response in Opposition to Mtn for Status Conference, p. 4,

PageID.1133; R. 65-2, Ex, 1 to Response in Opposition, Bill Analysis,

Senate Fiscal Agency, SB 549 through 554, PageID.1137-1156. Third,

the Governor lacks the authority to unilaterally declare a permanent

state of emergency under the Emergency Management Act, Mich.

Comp. Laws § 30.403(3).  Rather, the Governor may declare a state of

emergency for 28 days under that Act.  That 28-day period can only be

extended by a specific number of days in a resolution approved by both

houses of the Michigan Legislature.  *Id.*

Governor Whitmer bears neither responsibility for the harm

alleged by the Plaintiffs nor power to alleviate it.  Nor is she a party to

the negotiations between Plaintiffs and the City of Detroit.  A status

conference in this matter to discuss the "next steps" in this litigation

would be premature before this Court decides whether Governor

Whitmer is a proper defendant at all.  As such, this Court should deny

the motion to schedule a status conference before a ruling on the motion

to dismiss has been issued.

## STATEMENT OF FACTS

Governor Whitmer adopts her statement of the facts in this case set forth in her brief in support of the motion to dismiss.

## STANDARD OF REVIEW

A pretrial conference may be held for a number of purposes, including expediting disposition of the action, establishing case control, discouraging wasteful pretrial activities, improving the quality of trial, and facilitating settlement.  L.R. 16(1)(b), Fed. R. Civ. P. 16(a).  This Court has broad discretion to schedule a status conference as part of its authority to control its own docket.  See, e.g., *Hill v. Cleco Corp.*, 541 F. App'x 343, 345 n.1 (5th Cir. 2013) (holding allowance of a second summary judgment motion was not an abuse of discretion  because "[t]he district court has broad discretion in controlling its own docket").

## ARGUMENT

I.     **A status conference would be premature before this Court decides the pending motion to dismiss.  Moreover, Governor Whitmer's participation will not assist in the resolution of this case because she does not have the authority to give Plaintiffs the permanent relief they seek.**

Governor Whitmer shares Plaintiffs' goal of permanently ending the practice of water shutoffs as a collection method.  As noted in her

previous briefing in this case, the Governor has consistently worked to limit or eliminate water shutoffs through that political process. Most recently, in 2023, Governor Whitmer signed a supplemental appropriations bill that included $25 million to develop a water shutoff prevention fund within the state treasury.[1]  As of April 1, 2024, the Governor has secured $95 million to protect families from water shutoffs and support local water availability programs.[2]  And Governor Whitmer continues to work with local, State, and federal officials to ensure access to clean, affordable water.

However, her participation in the status conference sought by Plaintiffs would be premature, given that her motion to dismiss remains pending.  This Court has already considered and rejected a similar request to compel mediation while the Governor's motion to dismiss is pending.  In denying that motion, this Court noted that requiring Defendants to engage in discovery and mediation "would

---

[1] See https://www.mlive.com/public-interest/2023/02/25m-to-avert-michigan-water-shutoffs-inspires-hope-for-lasting-fix.html (accessed June 18, 2024).

[2] See https://www.michigan.gov/whitmer/-/media/Project/Websites/Whitmer/Documents/04232024-One-Pagers/OnePagerWaterEnvironment.pdf?rev=9d43c78699f240eb9b682b22482a13a1 (accessed June 18, 2024).

circumvent the Rule 12(b)(6) practice to resolve a case early in the action, if the allegations are without merit." R. 53, Opinion and Order denying motion to compel mediation, p. 4, PageID.719. This Court concluded that mediation would be futile at this stage of the litigation because "the Defendants believe they should not have been sued in the first place." *Id.* at p. 5, PageID.720.

The same reasoning applies here. A status conference to determine "how the case should be managed" would be futile until this Court decides whether the Governor should "have been sued in the first place." And as explained in her motion to dismiss, she should not have been sued in the first place because the lawsuit is barred by the Eleventh Amendment and because no act or omission by the Governor caused the alleged harm. The Governor has no oversight authority over the Detroit Water and Sewerage Department. Thus, the Governor does not have the power or authority to set water rates, shut off any person's water service, or prevent a shut off. To the extent that Plaintiffs argued in response to the motion to dismiss that the Governor should exercise her powers under the Emergency Management Act (EMA) to halt further shutoffs, R. 20, Pls' Br. in Opp., p.8, PageID.250, her authority

to act under the EMA is not unlimited.  Rather, under the EMA, the

Governor's declaration of a state of emergency only remains in effect for

up to 28 days.  Mich. Comp. Laws § 30.403(3).  That 28-day period can

only be extended by a specific number of days in a resolution approved

by both houses of the Michigan Legislature.  *Id.*  Moreover, the

Governor cannot "redeclare the same state of emergency or state of

disaster and thereby avoid the Legislature's limitation on her authority

under the EMA."  *In re Certified Questions From United States Dist. Ct.,*

*W. Dist. of Michigan, S. Div.*, 506 Mich. 332, 345 (2020).

Governor Whitmer continues to work to create a political solution

that will ensure access to clean water for all Michiganders.  But her

participation in a status conference in this matter would be premature

before this Court determines whether she should be a defendant in this

lawsuit at all.  The Governor's presence in a status conference would

not move this case forward because she is not involved in the

negotiations between Plaintiffs and the City of Detroit, does not have

oversight over water rates or shutoff policies in the City of Detroit, and

does not have any statutory authority to intervene and provide the

Plaintiffs a permanent resolution to their claims.  This Court should

deny the motion to schedule a status conference as to the Governor.

## CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons and those set forth in the accompanying

motion, Defendant Governor Whitmer respectfully requests that this

Court deny Plaintiffs' motion to schedule a status conference.

Respectfully submitted,

/s/ *Mark G. Sands*
Mark G. Sands
Margaret A. Bettenhausen (P75046)
Assistant Attorneys General
Attorneys for Def. Governor Whitmer
Alcohol & Gambling Enforcement Div.
2860 Eyde Parkway
East Lansing, MI 48823
(517)241-0210
SandsM1@michigan.gov
P67801

Dated:  June 27, 2024

7

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on June 27, 2024, I electronically filed the

above document(s) with the Clerk of the Court using the ECF System,

which will provide electronic copies to counsel of record.

/s/ *Mark G. Sands*
Mark G. Sands
Assistant Attorney General
Attorney for Def. Governor Whitmer
Alcohol & Gambling Enforcement Div.
2860 Eyde Parkway
East Lansing, MI 48823
(517)241-0210
SandsM1@michigan.gov
(P67801)

8